IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00069-MR

KENNETH DAVID HUMPHRIES,        )
                                )
                  Petitioner,   )
                                )     **MEMORANDUM OF**
          vs.                   )     **DECISION AND ORDER**
                                )
ERIK A. HOOKS, Secretary of     )
Department of Public Safety,    )
                                )
                  Respondent.   )
_____ )

**THIS MATTER** is before the Court on initial review of the *pro se* Petitioner's § 2254 Petition for Writ of Habeas Corpus [Doc. 1].

**I.    BACKGROUND**

Kenneth David Humphries ("the Petitioner") is a prisoner of the State of North Carolina. On April 20, 1999, the Petitioner pled guilty in Cleveland County Superior Court to one count of attempted murder, one count of second-degree murder, and three counts of assault with a deadly weapon inflicting serious injuries. The Petitioner did not appeal his sentence.

On May 17, 2008, the Petitioner filed a Motion for Appropriate Relief ("MAR") in Cleveland County Superior Court. On May 3, 2012, the Petitioner withdrew his MAR.

On November 1, 2018, the Petitioner filed an MAR in Cleveland County Superior Court. On December 14, 2018, the Cleveland County Superior Court denied the Petitioner's MAR. On January 31, 2019, the Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals. On February 4, 2019, the North Carolina Court of Appeals denied the Petitioner's petition for writ of certiorari.

On March 1, 2019, the Petitioner filed the present habeas petition in this Court.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

> Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner never filed an appeal of his April 20, 1999 convictions. As such, the Petitioner's convictions became final on March 4, 1999, when the time for seeking direct review expired. See Clay v. United States, 537 U.S. 522, 527 (2003) (noting that convictions become final for AEDPA purposes at the expiration of the period during which direct review could have been sought); N.C. R. App. P. 4(a)(2) (providing fourteen days for service of notice of appeal). The AEDPA's one-year statute of limitations then began running on March 4, 1999 and ran for 365 days until it expired on March 4, 2000. The Petitioner, however, did not file his first MAR until May 17, 2008, and did not file this petition until March 1, 2019. [Doc. 1]. As such, it appears that this habeas petition is time-barred under § 2244(d)(1)(A).

Because this habeas petition was filed over a year after the Petitioner's judgment became final, the petition is subject to being dismissed as untimely unless the Petitioner can demonstrate that his habeas petition is subject to statutory tolling under § 2244(d)(1)(B), (C), or (D), or that equitable tolling

3

should otherwise apply.[1] Although the Petitioner has not provided an explanation for the delay in filing his habeas petition and does not appear to assert that any of the other exceptions in § 2244(d)(1) apply to his habeas petition, he requests leave to file a "response on this issue." [Doc. 1 at 14]. As such, the Court will provide the Petitioner 21 days to explain why his habeas petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

**IT IS, THEREFORE, ORDERED** that the Petitioner shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. The Petitioner's failure to comply with this Order will result in dismissal of the Petition without further notice.

**IT IS SO ORDERED.**

Signed: October 2, 2020

Martin Reidinger
Chief United States District Judge

---

[1] "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

4