IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00069-MR

| | |
|---|---|
| **KENNETH DAVID HUMPHRIES,** )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>**ERIK A. HOOKS, Secretary of** )<br>**Department of Public Safety,** )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court *sua sponte*.

On October 2, 2020, the Court entered an Order explaining that the Petitioner's § 2254 Petition appeared to be untimely under § 2244(d)(1)(A) because it was not filed within one year of the date on which his judgment became final. [Doc. 3 at 3]. The Order directed the Petitioner to file a response within twenty-one days explaining how statutory or equitable tolling otherwise applied to this case. [Id. at 3-4]. The Order warned that "[f]ailure to comply with this Order shall result in dismissal of the Petition without further notice." [Id. at 4]. The Petitioner did not respond to the Order.

Despite receiving an opportunity to show why statutory or equitable tolling should apply, the Petitioner has failed to do so. As such, the Court

concludes that neither statutory nor equitable tolling applies here. Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). Accordingly, the Petitioners § 2254 Petition will be dismissed as untimely under § 2244(d)(1).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITH PREJUDICE** as untimely and procedurally barred under 28 U.S.C. § 2244(d)(1)(A).

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk of Court is directed to close this civil case.

Signed: November 10, 2020

Martin Reidinger
Chief United States District Judge